IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 1, 2022

## BRAD ROTHBAUER V. ASHLEY SHELTROWN

**Appeal from the Juvenile Court for Hardeman County**
**No. 35JV1-2019-DN-10     W. Boyette Denton, Judge**

_____

### No. W2021-00607-COA-R3-JV

_____

Following the establishment of paternity, a father petitioned to change his child's surname.  The trial court denied the petition.  The trial court's order does not contain findings as to whether the name change is in the child's best interests.  Therefore, we vacate the judgment and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and CARMA DENNIS MCGEE, J., joined.

Bryan R. Huffman, Covington, Tennessee, for the appellant, Brad Rothbauer.

Ashley Sheltrown, Saulsbury, Tennessee, *pro se*.

OPINION

### I.     BACKGROUND

The child at issue was born in 2019 to appellee Ashley Sheltrown ("Mother").  Mother was not married when the child was born.  On June 13, 2019, appellant Brad Rothbauer ("Father") petitioned to establish paternity and for a permanent parenting plan.  A DNA analysis confirmed that Father is the child's biological father.  Upon Mother and Father's agreement and by consent order entered on September 13, 2019, the trial court established Father as the child's natural father.  The trial court entered a temporary parenting plan on October 17, 2019.

On January 20, 2021, Father petitioned the court to change the child's surname to Rothbauer. The trial court heard Father's petition on April 22, 2021. Father testified that he believes changing the child's surname to match his is in the child's best interests because Father is "the last male of [his] lineage." Mother testified that people in her community know the child by her surname, Sheltrown. Mother opined that she sees no reason why the child's surname should be changed and that the child "already recognizes his name." By order entered May 17, 2021, the trial court denied Father's petition. Father appealed.

## II.    ISSUES

Father raises one issue: Whether the trial court erred in denying the petition to change the child's surname.

## III.    STANDARD OF REVIEW

This action was tried by the court without a jury, so we review the trial court's findings of fact de novo upon the record with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Watson v. Watson*, 309 S.W.3d 483, 490 (Tenn. Ct. App. 2009). We review the trial court's conclusions of law de novo with no presumption of correctness. *Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007).

## IV.    DISCUSSION

The standards for determining the propriety of changing a nonmarital child's surname are articulated in *Barabas v. Rogers*:

> The courts should not change a child's surname unless the change promotes the child's best interests. Among the criteria for determining whether changing a child's surname will be in the child's best interests are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent[,] (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname. The parent seeking to change the child's surname

has the burden of proving that the change will further the child's best interests.

*Barabas v. Rogers*, 868 S.W.2d 283, 287 (Tenn. Ct. App. 1993) (citations omitted). The aforementioned factors "are merely 'criteria for determining whether changing a child's surname will be in the child's best interest[s].'" *In re Khrystchan D.*, No. M2018-01107-COA-R3-JV, 2020 WL 3494467, at *6 (Tenn. Ct. App. June 26, 2020) (quoting *Barabas*, 868 S.W.2d at 287). So, the court is not required "to make a finding as to each factor, and we do not consider the factors to be exclusive of others which may be presented in the record; the ultimate determination is the child's best interest." *In re Khrystchan D.*, 2020 WL 3494467, at *6.

In denying the petition to change the child's surname, the trial court held: "The Court finds that because the name change was not established when the parties entered into their agreed upon parenting plan and the Mother has held the child out in the community with the surname Sheltrown, that Petitioner's Petition for name change shall be denied." Other than this, the trial court did not make specific findings of fact.

On appeal, Father argues that the order appealed from does not comply with Tennessee Rule of Civil Procedure 52.01 which requires that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. We agree. Here, our appellate review is hampered by the lack of findings as to whether changing the child's surname is in his best interests, which is "inherently a fact intensive issue." *In re Khrystchan D.*, 2020 WL 3494467, at *6. Accordingly, we vacate the trial court's May 17, 2021, order. We remand for a hearing and for the court to make appropriate findings as to the child's best interests.

## V.  CONCLUSION

We vacate the judgment of the trial court. The case is remanded for an evidentiary hearing and entry of an order setting forth sufficient findings of fact and conclusions of law in support of the trial court's decision on the petition to change the child's surname. Costs of the appeal are taxed one-half to the appellant, Brad Rothbauer, and one-half to the appellee, Ashley Sheltrown.

_____
JOHN W. McCLARTY, JUDGE

- 3 -